[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Date of Sentence October 14, 1998 Date of Application November 4, 1998 Date Application Filed November 6, 19986 Date of Decision April 23, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Middlesex.
Docket No. CR 97-144693 CT Page 6189
William H. Paetzold Defense Counsel, for Petitioner
Barbara Hoffman Assistant State's Attorney, for the State.
Sentence Affirmed
 BY THE DIVISION
After entering pleas of guilty to five counts of sexual assault, 2nd
degree and five counts of risk of injury to a minor, the then fifty-five year old petitioner was sentenced to a term of thirty years, execution suspended after fifteen years, with fifteen years of probation to follow.
The victim was the petitioner's stepdaughter who, when she was eighteen reported that from the time she was twelve years old, the petitioner sexually assaulted her on an almost daily basis, beginning with masturbation, digital penetration and during her high school years, penile penetration. He was reportedly abusive to the entire family and threatened her with physical harm if she told anyone.
When questioned by the police the petitioner at first denied the allegations, but subsequently blamed the victim for "coming on" to him and claimed their sexual activity was consensual. The victim has been to counseling and her mother and siblings have turned against her for going to the police.
Petitioner's attorney points out that he has no prior criminal record and was steadily employed as a factory assembler since 1965. He posits that the petitioner is not a pedophile but rather a situational offender who drank too much and who was in a stressful marriage with three stepchildren.
The petitioner, in his remarks to the Division expresses regret and remorse for what he did.
The fact is, however, that this was a heinous crime. The victim reported the first incident in 1991 to both the school authorities and her mother. Her mother did not believe her and the petitioner denied the incident. Under that pressure the child recanted and no action was taken, yet the petitioner continued sexually assaulting her for six more years, and threatening her life if she told anyone. The petitioner's attempts to blame a twelve or thirteen year old child for seducing him really requires no comment. CT Page 6190
The victim will likely bear the emotional scars of this perversion for many years. The Court properly considered the impact to the victim in determining an appropriate sentence.
This Division can modify a sentence only if it is inappropriate or disproportionate pursuant to the criteria set out in § 43-28 of the Practice Book. Applying those criteria to the facts of this case, we conclude that the sentence was within the reasonable parameters of discretion of the sentencing court and it is affirmed.
Klaczak, Norko and Miano, J's, participated in this decision.